JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9736 PA (CWx) | Date | March 3, 2011 |
|---|---|---|---|
| Title | Christine Ambrecht v. Bank of America dba First Republic Bank | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America ("Defendant") on December 17, 2010. (Docket No. 1.) Defendant asserts that subject matter jurisdiction exists based on diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, Defendant alleges that there is diversity of citizenship between it and Plaintiff Christine Ambrecht because "[t]he Complaint alleges that Plaintiff is a resident of the County of Santa Barbara, State of California." (Notice of Removal, ¶ 6.) Based on this allegation, Defendant concludes that Plaintiff "is therefore a citizen of the State of California." Id. However, because citizenship cannot be determined based on residence alone, Defendant's allegations in the Notice of Removal are insufficient to the diversity of citizenship necessary to invoke this Court's diversity jurisdiction.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9736 PA (CWx) | Date | March 3, 2011 |
|---|---|---|---|
| Title | Christine Ambrecht v. Bank of America dba First Republic Bank | | |

      In addition, Defendant has not met its burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

      Here, the Complaint seeks an unspecified amount of damages. As such, it is not facially evident that more than $75,000 is in controversy. Nevertheless, Defendant alleges that it is "facially apparent" that the amount in controversy exceeds $75,000 because (1) "Plaintiff asserts claims for, *inter alia*, failure to pay overtime compensation, unpaid meal and rest breaks, waiting time penalties for failure to pay wages owed upon termination of her employment, and failure to provide accurate and complete wage statements"; (2) Plaintiff alleges that she was a branch manager for Defendant for almost 1.5 years; (3) Plaintiff's annual salary was $65,000 at the time of her termination; and (4) Plaintiff seeks recovery of statutory penalties, interest, costs of suit, attorney's fees, and waiting time penalties. (Notice of Removal, ¶ 8.) However, Defendant does not point to any evidence or set forth any substantiated calculations that would meet the preponderance standard for establishing the required amount in controversy. As such, Defendant seems to contend that the mere number of claims in the Complaint is sufficient in itself to establish the requisite jurisdictional amount. Given the absence of any evidence to support Defendant's conclusory allegations, the Court cannot find that it is more likely than not that the amount in controversy exceeds $75,000.

      Accordingly, because neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations concerning citizenship or the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). This action is hereby remanded to Santa Barbara County Superior Court, Case No. 1372416, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.